UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **COSMO IMPORT & EXPORT, LLC,** *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**STUART H. ANOLIK,** *et al.,*<br><br>*Defendants.* | Civil Action No. 8:22-CV-01222-PJM |

**ANSWER OF DEFENDANTS**
**STUART ANOLIK AND ANOLIK & ASSOCIATES, P.C.**

Defendants Stuart Anolik and Anolik & Associates, P.C. (collectively "Anolik Defendants") for their answer to the Complaint state as follows:

**I.     INTRODUCTION**

1.     Anolik Defendants admit that on June 1, 2016, David Lockwood, CPA, ("Lockwood") engaged Anolik & Associates, P.C. to provide to Lockwood's client Outdoor Living Inc. certain consulting services relating to captive insurance. Anolik Defendants further admit that on or about August 15, 2017, Jennifer Hayes, President of TK Classics, engaged Fidelis Business & Advisory LLC ("Fidelis") to provide certain limited business advisory services to the Company. Anolik Defendants deny that Plaintiffs at any time engaged Fidelis to provide any legal services or tax advice or that Stuart Anolik at any time provided legal services or tax advice on behalf of Fidelis. Anolik Defendants deny all other allegations set forth in Paragraph 1 of the Complaint.

1

2.      Anolik Defendants admit, on information and belief, that Reliant is an insurance company domiciled in Saint Lucia.  With respect to the allegations relating to Reliant's "insurance program," Anolik Defendants state that the terms and conditions of any insurance policies or certificates issued by Reliant are contained in such policies or certificates, and that these documents, together with the detailed information packets provided by Reliant at the time of issuance, speak for themselves.  Anolik Defendants deny all other allegations set forth in Paragraph 2 of the Complaint, including specifically the allegation that Reliant's reputation was in any respect "questionable."  Anolik Defendants further specifically deny that the *Scolari* decision referenced in the Complaint is in any respect germane to Plaintiffs' claims.

3.      Anolik Defendants deny the allegations of Paragraph 3 of the Complaint.

4.      Anolik Defendants deny the allegations of Paragraph 4 of the Complaint.

5.      Anolik Defendants deny the allegations of Paragraph 5 of the Complaint.

6.      Anolik Defendants had no involvement in Reliant's termination decision and accordingly lack information sufficient to enable them to admit or deny the allegations of Paragraph 6 of the Complaint; therefore, they deny said allegations.

7.      Anolik Defendants deny the allegations of Paragraph 7 of the Complaint, except to state that they are generally aware that there is an ongoing proceeding in Saint Lucia involving the Cosmo Parties and Reliant.

## II.     THE PARTIES

8.      Anolik Defendants lack information sufficient to enable them to admit or deny the allegations of Paragraph 8 of the Complaint, and therefore they deny said allegations.

9. Anolik Defendants lack information sufficient to enable them to admit or deny the allegations of Paragraph 9 of the Complaint, and therefore they deny said allegations.

10. Admitted.

11. Anolik Defendants admit the allegations of the first sentence of Paragraph 11 of the Complaint and deny the remaining allegations of Paragraph 11.

12. Anolik Defendants lack information sufficient to enable them to admit or deny the allegations of Paragraph 12 of the Complaint, and therefore they deny said allegations.

### III.   JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint sets forth legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no response is required.

### IV.   FACTUAL ALLEGATIONS

15. Anolik Defendants admit that David Lockwood ("Lockwood") approached Stuart Anolik and on June 1, 2016 engaged him for certain purposes on behalf of Outdoor Living Inc., Lockwood's client.  Anolik Defendants further admit that Anolik provided Outdoor Living, through Lockwood, information about multiple captive insurance providers, including Reliant. Anolik Defendants lack information sufficient to enable them to admit or deny all other allegations set forth in Paragraph 15 of the Complaint, and therefore they deny said allegations.

16. Anolik Defendants admit that on June 1, 2016, David Lockwood, CPA, engaged Anolik & Associates, P.C. to provide to Lockwood's client Outdoor Living Inc. certain consulting services relating to captive insurance.  Anolik Defendants deny all other allegations set forth in Paragraph 16 of the Complaint.

3

17. Anolik admits that for a very brief time in 2010-11, he was listed as a director of Reliant, but denies that at that time or any other time he was involved in Reliant's operations or business activities. Anolik further admits that his son was employed by Reliant at certain times, but Anolik does not know the actual dates of such employment. Anolik further admits that on some occasions he has provided legal services to Reliant on discrete matters unrelated to Reliant's dealings with the Cosmo Parties. Anolik Defendants deny all other allegations set forth in Paragraph 17 of the Complaint.

18. Anolik Defendants lack information sufficient to enable them to admit or deny the allegations of Paragraph 18 of the Complaint, and therefore they deny said allegations.

19. Anolik Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Anolik Defendants admit that on or about August 15, 2017, Jennifer Hayes entered into a written retainer agreement with Fidelis, a business (not a legal) advisory firm, on behalf of TK Classics. Anolik Defendants deny all other allegations set forth in Paragraph 20 of the Complaint.

21. Anolik Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Anolik Defendants lack information sufficient to enable them to admit or deny the allegations of Paragraph 22 of the Complaint, and therefore they deny said allegations.

23. Anolik Defendants state that the terms and conditions of any insurance policies or certificates issued by Reliant are contained in the policies or certificates and that these documents, together with the detailed information packets provided by Reliant, speak for themselves. To the extent that any further response may be required, Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 23 of the Complaint, and therefore they deny said allegations.

24. Anolik Defendants state that the terms and conditions of any insurance policies or certificates issued by Reliant are contained in the policies or certificates and that these documents, together with the detailed information packets provided by Reliant, speak for themselves. To the extent that any further response may be required, Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 24 of the Complaint, and therefore they deny said allegations.

25. Anolik Defendants deny the allegations in the first sentence of Paragraph 25 of the Complaint. With respect to the remaining allegations in Paragraph 25, Anolik Defendants state that they lack information sufficient to enable them to admit or deny these allegations, and therefore they deny said allegations.

26. Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 26 of the Complaint, and therefore they deny said allegations.

27. Anolik Defendants had no involvement in the alleged discussions concerning purchase of extended reporting periods coverage and accordingly they lack information sufficient to enable them to admit or deny the allegations of Paragraph 27 of the Complaint; therefore, they deny said allegations.

28. Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 28 of the Complaint, and therefore they deny said allegations.

29. Anolik Defendants state that they are generally aware that there is an ongoing proceeding in Saint Lucia involving the Cosmo Parties and Reliant, but they otherwise deny the allegations of Paragraph 29 for lack of knowledge or information.

30. Anolik Defendants deny the allegations of Paragraph 30 of the Complaint.

31. In response to the allegations in the first sentence of Paragraph 31 of the Complaint, Anolik Defendants state that the terms and conditions of any insurance policies issues to the Cosmo Parties are contained in the policies, together with the detailed information packets provided by Reliant, and that these documents speak for themselves. Anolik Defendants state that they lack information sufficient to enable them to admit or deny the remaining allegations set forth in Paragraph 31 of the Complaint, and therefore they deny said allegations.

32. Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations set forth in Paragraph 32 of the Complaint, and therefore they deny said allegations.

33. Anolik Defendants state that the terms of any written communications from Anolik to Reliant are contained in such documents and that these documents speak for themselves. To the extent that any further response may be required, Anolik Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Anolik Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Anolik Defendants state that the terms of any written communications from Reliant are contained in such documents and that these documents speak for themselves.  To the extent that any further response may be required, Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 35 of the Complaint, and therefore they deny the said allegations.

36. Anolik Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 37 of the Complaint, and therefore they deny said

allegations.

38. Anolik Defendants state that they lack information sufficient to enable them to admit or deny the allegations of Paragraph 38 of the Complaint, and therefore they deny said allegations.

39. Anolik Defendants deny the allegations of Paragraph 39 of the Complaint.

## COUNT I – PROFESSIONAL NEGLIGENCE/MALPRACTICE

40. Anolik Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 39 as though fully set forth herein.

41. Anolik Defendants incorporate herein their response to Paragraph 1 of the Complaint, including the denials contained therein.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Anolik Defendants deny the allegations of Paragraph 42.

43. Anolik Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Anolik Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Anolik Defendants deny the allegations of Paragraph 45 of the Complaint.

## COUNT II – BREACH OF FIDUCIARY DUTY

46. Anolik Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 45 as though fully set forth herein.

47. Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Anolik Defendants deny the allegations of Paragraph 47.

48. Anolik Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Anolik Defendants deny the allegations of Paragraph 49 of the Complaint.

50. Anolik Defendants deny the allegations of Paragraph 50 of the Complaint.

## COUNT III– FRAUD

51. Anolik Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 50 as though fully set forth herein.

52. Anolik Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Anolik Defendants admit that Anolik sent a letter to Lockwood on October 31, 2016, that stated, *inter alia*, that "I have worked with and referred clients to Reliant since 2003 and all funds due and payable to Certificate Holders have been paid in due course" and that further stated that "nothing has come to my attention during this limited review of Reliant indicating [anything] that would materially affect Reliant's ability to engage in its current business model, i.e. the placement of group Business Risk policies." Anolik Defendants deny all remaining allegations set forth in Paragraph 53 of the Complaint.

54. Anolik Defendants deny the allegations of Paragraph 54 of the Complaint.

55. Anolik Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Anolik Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Anolik Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Anolik Defendants deny the allegations of Paragraph 58 of the Complaint.

## COUNT IV – NEGLIGENT MISREPRESENTATION

59. Anolik Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 58 as though fully set forth herein.

60. Paragraph 60 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Anolik Defendants deny the allegations of

Paragraph 60.

61. Anolik Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Anolik Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Anolik Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Anolik Defendants deny the allegations of Paragraph 64 of the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Anolik Defendants set forth the following matters constituting an avoidance or affirmative defense.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert a claim for damages with respect to the alleged Return of Premium Benefit ("Return Right") they aver Reliant has denied them because, on information and belief, Plaintiffs have conveyed to a third-party (specifically, Geneva International Insurance Inc. in Respect of Separate Account VUL-2017-314D) for valuable consideration all of its right, title and interest in and to any such Return Right.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs have sustained any damages, such damages were caused in whole or in party by the negligence of Plaintiffs and/or their agents, and Plaintiffs' damage claims are therefore barred in whole by the doctrine of contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto.*

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by Plaintiffs' own negligent, wrongful, unlawful, illegal, and/or fraudulent actions and/or the negligent, wrongful, unlawful, illegal, and/or fraudulent actions of Plaintiffs' agents.

## NINTH AFFIRMATIVE DEFENSE

Defendants' actions were not the proximate cause of any damages Plaintiffs may have incurred.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs receive a recovery against Reliant Group & Casualty Insurance ICC, Ltd. or any other party in the ongoing proceeding in Saint Lucia, Anolik Defendants are entitled to a credit as against any judgment that Plaintiffs might obtain in the instant action.

**WHEREFORE**, Anolik Defendants request that this Court enter judgment in their favor and against Plaintiffs, dismissing Plaintiff's' Complaint with prejudice, awarding Defendants their costs and expenses, together with such other and further relief as the Court deems just and proper.

10

Respectfully submitted,

/s/ *Andrew H. Marks*

Andrew H. Marks
Bar No. 02278
**LAW OFFICES OF ANDREW MARKS PLLC**
1001 Pennsylvania Avenue, NW, Suite 1100
Washington, DC   20004
Tel:  202-618-9355
Email: amarks@markslawoffices.com

*Attorney for Defendants Stuart Anolik and Anolik & Associates, P.C.*

Dated:  January 10, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 10th day of January, 2023, on all counsel or parties of record on the Service List below:

Stephan Y. Brennan
Federal Bar No. 23597
Iliff, Meredith, Wildberger & Brennan, P.C.
Patriots Plaza, Suite 201-203
8055 Ritchie Highway
Pasadena, MD  21122
Telephone: (410) 685-1166
Facsimile: (410) 685-1233
e-mail: steve@ilimer.com

Edwin R. Cottone, Esq.
COTTONE & MOON
5000 Birch Street, Suite 3000
Newport Beach, CA  92660
Phone: (949)260-2004
Fax: (949) 861-9922

By: */s/ Andrew H. Marks*