UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **COSMO IMPORT & EXPORT, LLC,** *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**STUART H. ANOLIK,** *et al.,*<br><br>*Defendants.* | Civil Action No. 8:22-CV-01222-PJM |

ANSWER OF DEFENDANT
FIDELIS BUSINESS & ADVISORY SERVICES, LLC

Defendant Fidelis Business & Advisory Services, LLC ("Fidelis") for its answer to the Complaint states as follows:

I. INTRODUCTION

1. Fidelis admits that on or about August 15, 2017, Jennifer Hayes, President of TK Classics, engaged Stuart Anolik, on behalf of Fidelis Business & Advisory LLC, to provide certain limited business advisory services to the Company. Fidelis denies that Plaintiffs at any time engaged Fidelis to provide any legal services or tax advice and further denies that Stuart Anolik at any time provided legal services or tax advice to Plaintiffs on behalf of Fidelis. Fidelis denies all other allegations set forth in Paragraph 1 of the Complaint.

2. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 2 of the Complaint, and therefore it denies said allegations.

3. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 3 of the Complaint, and therefore it denies said allegations.

4. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 4 of the Complaint, and therefore it denies said allegations.

5. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 5 of the Complaint, and therefore it denies said allegations.

6. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 6 of the Complaint, and therefore it denies said allegations.

7. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore it denies said allegations.

## II.     THE PARTIES

8. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 8 of the Complaint, and therefore it denies said allegations.

9. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 9 of the Complaint, and therefore it denies said allegations.

10. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 10 of the Complaint, and therefore it denies said allegations.

11. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 11 of the Complaint, and therefore it denies said allegations.

12. Fidelis admits that it is a limited liability company organized and existing under the laws of the State of Virginia. Fidelis further admits that it maintained an office in McLean, Virginia. Fidelis denies the remaining allegations of Paragraph 12 of the Complaint.

## III.     JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint sets forth legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no response is required.

## IV. FACTUAL ALLEGATIONS

15. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 15 of the Complaint, and therefore it denies said allegations.

16. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 16 of the Complaint, and therefore it denies said allegations.

17. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 17 of the Complaint, and therefore it denies said allegations.

18. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 18 of the Complaint, and therefore it denies said allegations.

19. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 19 of the Complaint, and therefore it denies said allegations.

20. Fidelis admits that on or about August 15, 2017, Jennifer Hayes entered into a written retainer agreement with Fidelis, a business (not a legal or tax) advisory firm, on behalf of TK Classics. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 20 of the Complaint, and therefore it denies said allegations.

21. Fidelis denies the allegations of Paragraph 21 of the Complaint insofar as they concern Fidelis. Insofar as the allegations of Paragraph 21 concern A&A, Fidelis lacks information sufficient to enable it to admit or deny these allegations, and therefore it denies said allegations.

22. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 22 of the Complaint, and therefore it denies said allegations.

23. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 23 of the Complaint, and therefore it denies said allegations.

24. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 24 of the Complaint, and therefore it denies said allegations.

25. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 25 of the Complaint, and therefore it denies said allegations.

26. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 26 of the Complaint, and therefore it denies said allegations.

27. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 27 of the Complaint, and therefore it denies said allegations.

28. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 28 of the Complaint, and therefore it denies said allegations.

29. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 29 of the Complaint, and therefore it denies said allegations.

30. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 30 of the Complaint, and therefore it denies said allegations.

31. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 31 of the Complaint, and therefore it denies said allegations.

32. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 32 of the Complaint, and therefore it denies said allegations.

33. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 33 of the Complaint, and therefore it denies said allegations.

34. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 34 of the Complaint, and therefore it denies said allegations.

35. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 35 of the Complaint, and therefore it denies said allegations.

36. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 36 of the Complaint, and therefore it denies said allegations.

37. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 37 of the Complaint, and therefore it denies said allegations.

38. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 38 of the Complaint, and therefore it denies said allegations.

39. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 39 of the Complaint, and therefore it denies said allegations.

## **COUNT I – PROFESSIONAL NEGLIGENCE/MALPRACTICE**

40. Fidelis repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 39 as though fully set forth herein.

41. Fidelis incorporates herein its response to Paragraph 1 of the Complaint, including specifically its denial that Plaintiffs at any time engaged Fidelis to provide any legal services or tax advice to Plaintiffs.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Fidelis denies the allegations of Paragraph 42.

43. Fidelis denies the allegations of Paragraph 43 of the Complaint.

44. Fidelis denies the allegations of Paragraph 44 of the Complaint.

45. Fidelis denies the allegations of Paragraph 45 of the Complaint.

## COUNT II – BREACH OF FIDUCIARY DUTY

46. Fidelis repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 45 as though fully set forth herein.

47. Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Fidelis denies the allegations of Paragraph 47.

48. Fidelis denies the allegations of Paragraph 48 of the Complaint.

49. Fidelis denies the allegations of Paragraph 49 of the Complaint.

50. Fidelis denies the allegations of Paragraph 50 of the Complaint.

## COUNT III– FRAUD

51. Fidelis repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 50 as though fully set forth herein.

52. Fidelis denies the allegations of the first sentence of Paragraph 52 of the Complaint. With respect to the remaining allegations in Paragraph 52, Fidelis lacks information sufficient to enable it to admit or deny such allegations, and therefore it denies said allegations.

53. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 53 of the Complaint, and therefore it denies said allegations.

54. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 54 of the Complaint, and therefore it denies said allegations.

55. Fidelis lacks information sufficient to enable it to admit or deny the allegations of Paragraph 55 of the Complaint, and therefore it denies said allegations.

56. Fidelis denies the allegations of the first sentence of Paragraph 56 of the Complaint. With respect to the remaining allegations in Paragraph 56, Fidelis lacks information sufficient to enable it to admit or deny such allegations, and therefore it denies said allegations.

57. Fidelis denies the allegations of Paragraph 57 of the Complaint

58. Fidelis denies the allegations of Paragraph 58 of the Complaint.

## COUNT IV – NEGLIGENT MISREPRESENTATION

59. Fidelis repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 58 as though fully set forth herein.

60. Paragraph 60 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Fidelis denies the allegations of Paragraph 60.

61. Fidelis denies the allegations of Paragraph 61 of the Complaint.

62. Fidelis denies the allegations of Paragraph 62 of the Complaint.

63. Fidelis denies the allegations of the first sentence of Paragraph 63 of the Complaint. With respect to the remaining allegations in Paragraph 63, Fidelis lacks information sufficient to enable it to admit or deny such allegations, and therefore it denies said allegations.

64. Fidelis denies the allegations of Paragraph 64 of the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Fidelis sets forth the following matters constituting an avoidance or affirmative defense.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert a claim for damages with respect to the alleged Return of Premium Benefit ("Return Right") they aver Reliant has denied them because, on information and belief, Plaintiffs have conveyed to a third-party (specifically, Geneva International Insurance Inc. in Respect of Separate Account VUL-2017-314D) for valuable consideration all of its right, title and interest in and to any such Return Right.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs have sustained any damages, such damages were caused in whole or in party by the negligence of Plaintiffs and/or their agents, and Plaintiffs' damage claims are therefore barred in whole by the doctrine of contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by Plaintiffs' own negligent, wrongful, unlawful, illegal, and/or fraudulent actions and/or the negligent, wrongful, unlawful, illegal, and/or fraudulent actions of Plaintiffs' agents.

### NINTH AFFIRMATIVE DEFENSE

Defendants' actions were not the proximate cause of any damages Plaintiffs may have incurred.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs receive a recovery against Reliant Group & Casualty Insurance ICC, Ltd. or any other party in the ongoing proceeding in Saint Lucia, Fidelis is entitled to a credit as against any judgment that Plaintiffs might obtain in the instant action.

**WHEREFORE**, Fidelis requests that this Court enter judgment in its favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, awarding Fidelis its costs and expenses, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Andrew H. Marks*

Andrew H. Marks
Bar No. 02278
**LAW OFFICES OF ANDREW MARKS PLLC**
1001 Pennsylvania Avenue, NW, Suite 1100
Washington, DC   20004
Tel:  202-618-9355
Email: amarks@markslawoffices.com

*Attorney for Defendant Fidelis Business & Advisory Services, LLC*

Dated:  January 10, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 10th day of January, 2023, on all counsel or parties of record on the Service List below:

Stephan Y. Brennan
Federal Bar No. 23597
Iliff, Meredith, Wildberger & Brennan, P.C.
Patriots Plaza, Suite 201-203
8055 Ritchie Highway
Pasadena, MD  21122
Telephone: (410) 685-1166
Facsimile: (410) 685-1233
e-mail: steve@ilimer.com

Edwin R. Cottone, Esq.
COTTONE & MOON
5000 Birch Street, Suite 3000
Newport Beach, CA  92660
Phone: (949)260-2004
Fax: (949) 861-9922

By: */s/ Andrew H. Marks*